UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TIMOTHY L. CHANDLER | * | CIVIL ACTION NO. 2:13-CV-2553 |
| v. | * | JUDGE MINALDI |
| UNITED STATES OF AMERICA AND NATHANIEL B. GREENE, SR. | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM ORDER

Before the court is a Motion to Allow Expert Testimony (Rec. Doc. 51) filed by plaintiff Timothy L. Chandler, a Motion for Oral Argument (Rec. Doc. 53) filed by Chandler, a Response (Rec. Doc. 54) filed by Defendants, and a Reply (Rec. Doc. 55) filed by Chandler. For the following reasons, both of Chandler's motions are **DENIED**.

Chandler was an E4 Specialist in the United States Army who was injured during an event at Fort Polk and now seeks damages against the United States of America ("the Government") pursuant to the Federal Tort Claims Act ("FTCA").[1] Chandler asserts that an expert witness is necessary to testify (1) as to whether he sustained the injury during military service, and (2) about the loss of future income/benefits and decreased earning potential in the military as a result of the injury. Accordingly, Chandler hired Scott Landry, a military vocational rehabilitation/military operations expert and current member of the National Guard, as an expert witness.[2] The Government notified Chandler that Landry would be in violation of Army Regulation 27-40 ("AR 27-40") if he testified as an expert witness.[3] Shortly thereafter, Landry

---

[1] Compl. (Rec. Doc. 1).
[2] Memo. in Supp. of Mot. to Allow Expert Test. (Rec. Doc. 51-1), at 7; *see also* Ex. A, Emails (Rec. Doc. 54-1).
[3] "Your expert witness is still a member of the National Guard [and] I would think he would be aware that he cannot present testimony adverse to the United States. I know of no one that has given him permission to do so. Please

1

declined to serve as an expert witness for fear of retribution from his chain of command and/or a denial of benefits owed to him as a veteran.[4] No other qualified military vocational rehabilitation/operations experts are willing to testify out of fear that the Government will use AR 27-40 to punish them.[5]

Chandler requests that the court issue an order "allowing expert testimony and protecting any expert called by the Plaintiff, who is a current or former member of the Army/Military from punishment by the Department of Army for testifying for the Plaintiff."[6] The Government argues that the court is unable to even address whether the Department of Army ("Army") can prohibit or sanction current or former members under AR 27-40 because the issue is (1) moot since Chandler no longer has the original expert witness retained, or (2) not ripe because Chandler does not have an expert witness retained. The court interprets Chandler's request as one for injunctive relief necessary to properly present his case, an equitable remedy clearly within the court's power. Accordingly, the issue of the applicability of AR 27-40 with regard to an expert witness in a federal case in which the United States is a party is ripe.

In *Spears v. United States*, the United States District Court for the Western District of Texas provided an excellent summary of the limited but consistent case law addressing the applicability of AR 27-40:

> According to Defendant, [the expert witness'] testimony violates 32 C.F.R. § 516.49(a) and Army Reg. 27–40 ¶ 7–10(a), which both provide, in relevant part:

---

advise if he has been granted permission so I can verify. Otherwise, I believe I have an obligation to make the Court and perhaps his unit aware of this violation." Ex. A, Emails (Rec. Doc. 54-1).
[4] Memo. in Supp. of Mot. to Allow Expert Test. (Rec. Doc. 51-1), at 7.
[5] *Id.* at 8.
[6] Proposed Order (Rec. Doc. 51-4).

2

> Former DA [Department of Army] personnel will not provide, with or without compensation, opinion or expert testimony concerning official information, subjects, or activities either in private litigation or in litigation in which the United States has an interest for a party other than the United States.

(Dkt. # 20 at 4–5 (quoting 32 C.F.R. § 516.49(a); Army Reg. 27–40 ¶ 7–10(a)).)

. . .

Despite neither party citing any case law on the subject, the Court has uncovered several cases dealing with the aforementioned regulations. Each case holds that a court's power to govern the admissibility of expert witnesses cannot be circumscribed by regulation.

First, in *Gulf Group General Enterprises Co. W.L.L. v. United States*, 98 Fed. Cl. 639 (2011), the court provided three reasons why an expert's testimony and reports were not barred by Army regulations. The court first reasoned that the regulations were not intended to confer a privilege. The statutory basis for such regulations derived from 5 U.S.C. § 301, which provided that an agency "may prescribe regulations for … the conduct of its employees, the distribution and performance of its business, and the custody, use, and prevention of its records, papers, and property," but that "[t]his section does not authorize withholding information from the public or limiting the availability of records to the public." *Id.* at 644 (citing *Comm. For Nuclear Responsibility v. Seaborg*, 463 F.2d 788, 793 (D.C.Cir.1971) (holding that 5 U.S.C. § 301 is a "housekeeping provision," "which authorized each department to issue regulations with respect to custody of

3

its papers. This statute does permit [the] centralization of responsibility in a department [on] whether to claim a privilege")).

Second, the court found that such regulations "are in direct conflict with the authority of the judicial branch to control the admission of testimony for cases filed in federal court in order to achieve a just and fair result." *Id.* at 646. Mindful of the separation-of-powers doctrine, the court held that "the judiciary, not the executive branch[,] controls the admission of evidence at trial." *Id.* at 647.

Third, the court held that the Army regulations, which had been the result of the Supreme Court's opinion in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951), were only applicable in cases in which the United States was not a party to the original legal proceeding. *Id.* at 646. That is precisely because the *"Touhy* regulations," like the Army Regulations in the instant case, "[gave] Justice Department employees the authority, when so ordered by superiors, to refuse to comply with a subpoena ordering disclosure of a confidential file when the United States [was] not a party to the legal action." *Id.* (quoting *State of La. v. Sparks*, 978 F.2d 226, 234 (5th Cir.1992)). "In cases originating in federal court in which the federal government is a party to the underlying litigation, the Touhy problem simply does not arise." *Id.* (quoting *Alexander v. FBI*, 186 F.R.D. 66, 70 (D.D.C.1998)). "When the government or one of its agencies comes into court (with very few exceptions), it is to be treated in exactly the same way as any other litigant. Appointment to office does not confer upon a bureaucrat the right to decide the rules of the game applicable to his

crusades or his lawsuits." *Id.* at 646–47 (quoting *EEOC v. Los Alamos Constructors, Inc.*, 382 F.Supp. 1373, 1375 (D.N.M.1974)).

In two other cases, courts have held that the Army Regulations were superseded by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. In *Resource Investments, Inc. v. United States*, the court held that "absent clear congressional intent to the contrary, no federal regulation may contravene or otherwise impede the operation of the Federal Rules...." 93 Fed. Cl. 373, 379 (2010). Because the "Federal Rules of Civil Procedure ('FRCP') and the Federal Rules of Evidence ('FRE') are as binding as any statute duly enacted by Congress, all laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." *Id.* (internal citation and quotation marks omitted). Given that the Army Regulation purported to dictate whose expert testimony the court may hear and are thus in conflict with the Federal Rules, the Federal Rules superseded the Army Regulation. *Id.* Likewise, the court in *Romero v. United States* agreed that once an expert witness is called, "then the Federal Rules of Evidence control his testimony, not administrative regulations promulgated by the Department of the Army." 153 F.R.D. 649, 652 (D.Colo.1994) (citing Fed.R.Evid. 702, 703). Because the Federal Rules of Evidence have been approved by Congress, the Federal Rules of Evidence override Department of Army regulations to the contrary, and thus expert witness testimony from former Army personnel is not barred by Army Regulations. *Id.* No. 5:13-CV-47-DAE, 2014 WL 258766, at *4-5 (W.D. Tex. Jan. 23, 2014).

5

Allowing AR 27-40, a housekeeping regulation, to govern the admissibility of expert witnesses would impermissibly allow the executive branch to override the congressional allotment of power regarding federal civil procedure and rules of evidence to the judiciary. It naturally follows that the Army cannot de facto govern who can serve as an expert witness by deterring current or former Army personnel from testifying by threatening sanctions under AR 27-40. The present situation perfectly demonstrates the danger of such a situation, in which the executive branch could not only control who serves as an expert witness, but also potentially erect a practically insurmountable bar to certain causes of action in contravention of the limited waiver of sovereign immunity found in the FTCA. There is a dispositive issue in this case, the nature of the event during which Chandler was injured, about which only someone with experience in the Army could realistically offer expert testimony. No current or former Army personnel are willing to serve as expert witnesses for Chandler because the Government has implicitly threatened to charge anyone who testifies as an expert witness with violating AR 27-40, and the specter of severe consequences, such as the loss of benefits, looms in the background. Chandler appears to be left with little recourse to pursue his rights under the FTCA, an unacceptable outcome. Thus, in light of the unanimous case law and the concerns raised herein, the court finds that AR 27-40 is a housekeeping regulation that cannot be used to sanction current or former Army personnel for testifying as expert witnesses in a federal civil case in which the United States is a party.

Nonetheless, the court is unable to grant Chandler's request for relief. An order allowing unnamed expert testimony and protecting any expert called by Chandler who is a current or former member of the Army/Military from punishment by the Army for testifying on behalf of

Chandler is simply too broad to be issued. If Chandler identifies an expert witness in the future, he may petition the court for injunctive relief regarding that expert witness. Accordingly,

**IT IS ORDERED** that Chandler's Motion to Allow Expert Testimony (Rec. Doc. 51) is **DENIED**.

**IT IS FURTHER ORDERED** that Chandler's Motion for Oral Argument (Rec. Doc. 53) is **DENIED AS MOOT**.

Lake Charles, Louisiana, this 19 day of August, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE